**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50323 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00569-DSF-1 |
| v. | |
| AGUSTIN GUZMAN AMEZCUA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted May 3, 2011[**]
Pasadena, California

Before: SILVERMAN, TALLMAN, and CLIFTON, Circuit Judges.

Agustin Guzman Amezcua appeals his conviction and the district court's

denial of his motion to dismiss the indictment. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

To sustain "a collateral challenge to the use of a deportation as an element of a criminal offense," *United States v. Mendoza-Lopez*, 481 U.S. 828, 839 (1987), a criminal defendant must demonstrate that (1) he exhausted any administrative remedies that may have been available to seek relief against the order, (2) the prior immigration proceedings improperly deprived him of an opportunity for judicial review; and (3) the entry of the order was fundamentally unfair. 8 U.S.C. § 1326(d). Amezcua failed to do so.

Most importantly, at the time of the 2001 removal proceedings, Amezcua was ineligible for naturalization because of his 2000 California conviction for an aggravated felony, so he was not prejudiced by the immigration judge's actions and there was nothing fundamentally unfair about the entry of the removal order. His conviction statutorily barred him from establishing good moral character. 8 U.S.C. § 1101(f)(8). That his record had been clean for the five years prior to his application was not enough to make eligible for naturalization at the time of the removal hearing. An alien must continue to maintain good moral character from the date of his application until he takes the oath of citizenship. *United States v. Dang*, 488 F.3 1135, 1139 (9th Cir. 2007); 8 C.F.R. § 316.10(a)(1).

**AFFIRMED**.